# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6851 | **DATE** | 8/30/2004 |
| **CASE TITLE** | EEOC vs. Whitehall, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] For the reasons stated in the attached memorandum opinion and order, plaintiff's motion to compel is granted in part and denied in part. Defendants shall produce the materials, consistent with the above rulings, within 21 days from the date of this order. Enter Memorandum Opinion and Order. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | |
|---|---|
| ☐ No notices required, advised in open court. | |
| ☐ No notices required. | number of notices |
| ☐ Notices mailed by judge's staff. | AUG 3 1 2004 date docketed |
| ☐ Notified counsel by telephone. | |
| ✓ Docketing to mail notices. | IS docketing deputy initials |
| ☐ Mail AO 450 form. | |
| ☐ Copy to judge/magistrate judge. | |
| MF courtroom deputy's initials | date mailed notice |
| Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 24

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
    Plaintiff, )
) No. 03 C 6851
v. )
) Judge John W. Darrah
WHITEHALL HOTEL, LTD. and WHITEHALL )
RESTAURANT, INC., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Equal Employment Opportunity Commission, filed suit against Defendants, Whitehall Hotel, Ltd. and Whitehall Restaurant, Inc., alleging violation of the American with Disabilities Act. The EEOC's charges stem from the treatment of one of Defendants' previous employees, Eric Oden. Presently before the Court is the EEOC's Motion to Compel.

The EEOC seeks to compel Defendants to fully respond to certain interrogatories and document requests. Defendants contend that they have fully responded to the requests, and any additional information sought is merely a fishing expedition by the EEOC.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim.... Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence...." Fed. R. Civ. P. 26(b)(1).

The EEOC seeks information regarding Defendants' employment policies from January 1, 2000 to the present. Defendants produced its employment policies in effect during the time prior to Oden's hiring in 2001 and during his employment in 2001. The EEOC contends that

it is entitled to the employment polices prior to and after Oden's employment because such information is relevant to punitive damages. The EEOC fails to explain how the prior and post employment policies are relevant to punitive damages. Accordingly, this request is denied.

The EEOC also seeks all of the training records for the training Defendants provided their employees from January 1, 2000 to present relating to the ADA. Defendants contend that the information sought is not relevant to Oden's allegation that the Defendants failed to accommodate Oden. The training records arguably include information relevant to the EEOC's claim and appear to be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, this request is granted.

The EEOC seeks information regarding complaints of disability discrimination filed against Defendants for the period of January 2000 to the present. Defendants responded to the request that during the time period Oden was employed by Defendants, it was not aware of any complaints of discrimination other than Oden's complaint for failure to accommodate. The EEOC contends that Defendants' response is inadequate because in its complaint, the EEOC alleges that Defendants engaged in a pattern and practice of discrimination against disabled employees from January 1, 1999 to the present. Defendants argue that the EEOC's pattern and practice allegation is not included in Oden's EEOC charge; therefore, the EEOC is precluded from pursuing such a claim.

Generally, a plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *See Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (*Cheek*). However, the EEOC may allege in a complaint unlawful conduct that it has discovered during the

2

course of its investigation, provided there is a reasonable nexus between the initial charge and the subsequent allegations in the complaint. *See EEOC v. Walner & Assoc.*, 91 F.3d 963, 968 (7th Cir. 1996).

In his EEOC charge, Oden complained that Defendants failed to accommodate him for his disability and that he was discriminated against because of his disability. Based on its investigation, the EEOC has also alleged that Defendants had a pattern and practice of engaging in discrimination based on an individual's disability. Such allegations have a reasonable nexus between the original charge and the complaint. Accordingly, this request is granted.

The EEOC also seeks information of any requests for an accommodation based on a disability made by an employee or applicant for employment of Defendants from January 1, 2000 to the present. Defendants responded with information relating to Oden. Defendants objected to information outside of the time period Oden was employed by Defendants and for other persons. The request for other employees who sought an accommodation during Oden's employment is relevant to the claim and reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the request is granted.

Lastly, the EEOC requests affidavits or statements by individuals with knowledge of claims or defenses. Defendants objected to the request, asserting that such information is protected by both the attorney-client and attorney-work privilege. Defendants did not provide a privilege log because it has no such documents to provide at this time. In light of the absence of any such documents, the EEOC's request is denied. However, consistent with the Federal Rules of Civil Procedure, Defendants must supplement its disclosures and responses, including a privilege log if a privilege is asserted, if such documents become known to Defendants.

For the reasons stated above, Plaintiff's Motion to Compel is granted in part and denied in part. Defendants shall produce the materials, consistent with the above rulings, within 21 days from the date of this order.

Dated: August 30, 2004

JOHN W. DARRAH
United States District Judge