## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6851 | **DATE** | 12/13/2004 |
| **CASE TITLE** | EEOC vs. Whitehall Hotel, Ltd., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants' motion to compel and for sanctions is granted in part and denied in part. Defendants' motion to dismiss and for sanctions is denied. Plaintiff shall produce the materials, consistent with the above rulings, within 21 days from the date of this order. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | DEC 15 2004 | |
| | Notices mailed by judge's staff. | | number of notices | |
| | Notified counsel by telephone. | | date docketed | 52 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MF courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
    Plaintiff, )
) No. 03 C 6851
v. )
) Judge John W. Darrah
WHITEHALL HOTEL, LTD. and WHITEHALL )
RESTAURANT, INC., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Equal Employment Opportunity Commission, filed suit against Defendants, Whitehall Hotel, Ltd. and Whitehall Restaurant, Inc., alleging violation of the American with Disabilities Act. The EEOC's charges stem from the treatment of one of Defendants' previous employees, Eric Oden. Presently before the Court are Defendants' Motion to Compel and for Sanctions and Motion to Dismiss and for Sanctions.

### Motion to Compel and for Sanctions

Defendants seek to compel the EEOC to fully respond to certain interrogatories and document requests.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim . . . . Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence . . . ." Fed. R. Civ. P. 26(b)(1).

Defendants seek documents relating to Plaintiff's allegations in the Complaint and in preparing the Complaint (Document Request Nos. 1 and 2). The EEOC objects to such production

on grounds of attorney-client privilege and attorney work product privilege. The EEOC has not filed a privilege log as to the documents it believes are not discoverable pursuant to privilege. The EEOC is ordered to produce such privilege log within 21 days of this order.

Defendants seek documents pertaining to compensation and benefits received by Plaintiff (Request No. 6). The EEOC objects, arguing that the request is overbroad, unduly burdensome, and an invasion of privacy. The EEOC also argues that the information sought is not relevant because it is not seeking backpay for Oden beyond the date of his removal from the work schedule at Defendant's hotel. The EEOC failed to indicate why the request is overbroad, unduly burdensome, or an invasion of Oden's right to privacy in light of the suit brought by Oden. Furthermore, the requested documents appear to be reasonably calculated to lead to the discovery of admissible evidence other than that relating to backpay. Accordingly, this request is granted.

Defendants seek documents relating to Defendants' interrogatory propounded on Plaintiff. The EEOC provided its administrative file in response to the request. Defendants argue that the EEOC should specify which documents in the file it relies upon as responsive to the request. The EEOC has sufficiently responded to the request. *See* Fed. R. Civ. 33(d). Accordingly, this request is denied.

Defendants seek information on any other persons who form the class identified in the Complaint (Interrogatory No. 3). The EEOC objects, arguing that it need not disclose other individual class members because it will not be seeking monetary relief for any such individuals and is only seeking injunctive relief with respect to this issue. The identity of other individuals that were allegedly discriminated against by Defendants in support of any injunctive relief are discoverable. Accordingly, this request is granted.

2

Defendants also seek clarification as to the EEOC's responses to Interrogatory Nos. 11, 12, and 17, to which the EEOC responded by citing its administrative file. Unlike the above document request, citation to the administrative file fails to adequately answer the interrogatory, *i.e.*, identification of practices constituting allegation of "unlawful employment practices" and obtaining information about other applicants before offering such individual's employment. Accordingly, the EEOC must provide a narrative and/or identify with specificity the documents responsive to each interrogatory.

Defendants seek information regarding Oden's current and previous employment and efforts to retain employment after Defendants' hotel (Interrogatory Nos. 4 and 8). The EEOC argues the interrogatories are overbroad, unduly burdensome, vague, and request irrelevant information. The requested information is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, this request is granted.

Defendants seek information regarding monies received by Oden from any sources, including disability benefits (Interrogatory Nos. 9, 17, and 21). The EEOC argues that the requests seek information that is not relevant to a claim or defense. Defendants counter that such information is relevant to its defenses and is discoverable. Such information that is not protected from disclosure by statute (*i.e.*, other EEOC charges protected by statute) is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, this request is granted.

Defendants seek an itemization of damages sought by Oden. The EEOC responds that it is seeking up to the $100,000 cap in damages but fails to itemize such damages or indicate how such damages are calculated. The requested information is discoverable and the request is granted.

Defendant seeks the identification of Oden's disability or disabilities, a definition of such disabilities, and facts supporting the assertion that the Defendants' failed to accommodate Oden as to these disabilities (Interrogatory No. 13). The EEOC responded that the request seeks a legal conclusion and, without waiving such objection, cited to the EEOC's administrative file. In its response to the instant motion, the EEOC states that Oden suffers from a learning disability and intermittent depression. The EEOC has failed to adequately answer the interrogatory; accordingly, this request is granted.

In Interrogatory Nos. 14 and 15, the Defendants seek what "effects" occurred as a result of the Defendants' alleged discriminatory practices. In response, the EEOC objects that the interrogatory is "unclear" and cites to its administrative file. The EEOC has failed to adequately answer the interrogatory; accordingly, this request is granted.

Defendants' Interrogatory No. 16 seeks information supporting the EEOC's request for punitive damages. The EEOC responded that the Defendants refused to discuss accommodations, harassed and belittled Oden, reduced Oden's work schedule, and ultimately removed him from the work schedule. Defendants argue that the EEOC should supplement its answer because of facts learned at depositions. All parties are required to supplement discovery by Rule.

Lastly, while the title of Defendants' motion indicates that they are seeking sanctions, Defendants failed to demonstrate that sanctions should be assessed against the EEOC and failed to seek such relief in its motion. Accordingly, sanctions are not awarded.

## Motion to Dismiss and for Sanctions

Defendants also seek to have the case dismissed pursuant to Federal Rules of Civil Procedure 37 and 45 for Oden's failure to appear for his deposition.

Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof.
>
> * * *
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

A Rule 37(b)(2) dismissal requires a showing by clear and convincing evidence of willfulness, bad faith or fault on the part of the noncomplying party. *See Maynard*, 332 F.3d at 467-68.

Federal Rule of Civil Procedure 45 provides, in pertinent part, that a person who fails to appear pursuant to subpoena may be held in contempt of court. Fed. R. Civ. P. 45(e).

Defendants' motion fails for multiple reasons. First, sanctions, including dismissal, under Rule 37(b)(2) may be ordered if a party fails to comply with a court order. Here, there has been no court order that Oden testify at a deposition. Furthermore, the Defendants have failed to demonstrate that Oden's failure to appear at two of his scheduled depositions was willful or in bad faith. Instead, Defendants cite to scheduled depositions that Defendants cancelled and indicate that Oden did not appear for such depositions. Such misleading statements border as sanctionable themselves. Lastly, Oden's deposition has been completed; and Defendants fail to demonstrate any prejudice by the few-days delay between the last scheduled deposition date and the actual deposition date.

For the reasons stated above, Defendants' Motion to Compel and for Sanctions is granted in part and denied in part. Defendants' Motion to Dismiss and for Sanctions is denied. Plaintiff shall produce the materials, consistent with the above rulings, within 21 days from the date of this order.

Dated: December 13, 2004

JOHN W. DARRAH
United States District Judge